**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3800
_____

THOMAS OSTROWSKI,

Appellant

v.

CON-WAY FREIGHT, INC.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-11-cv-02050)
District Judge:  Honorable Edwin M. Kosik

Submitted under Third Circuit LAR 34.1(a)
on July 18, 2013

Before:  RENDELL, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 30, 2013)
_____

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

Thomas Ostrowski appeals the District Court's order granting summary judgment

in favor of Con-way Freight, Inc., on all claims.  For the following reasons, we will

affirm the District Court's order.

## I. Background

Until November 2009, Ostrowski was employed as a Driver Sales Representative (DSR) with Con-way. Con-way is subject to federal motor carrier safety regulations issued by the United States Department of Transportation (DOT), which require it to maintain strict drug and alcohol screening programs for its employees—like Ostrowski—who are DSRs. *See, e.g.*, 49 C.F.R. § 40.25. Pursuant to these polices, Con-way trained Ostrowski on the company's prohibitions regarding alcohol and drugs and its Employee Assistance Program. In May 2009, Ostrowski requested a leave of absence pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), to enter a rehabilitation program for the treatment of alcoholism. Con-way granted Ostrowski's request and did not impose any discipline in connection with this leave. When Ostrowski returned to work he did so without change to his wages, hours, or working conditions. Con-way, however, required Ostrowski to sign a "Return to Work Agreement" (RWA) in which he agreed to remain "free of drugs and alcohol (on company time as well as off company time) for the duration of [his] employment."

On October 15, 2009, within a month of signing the RWA, Ostrowski again admitted himself into a center for the treatment of alcohol abuse after he suffered a relapse and resumed consuming alcohol. On November 3, 2009, Con-way terminated Ostrowski's employment. The sole reason articulated by Con-way for terminating Ostrowski was that he had consumed alcohol in violation of the RWA.

Ostrowski filed a complaint on November 3, 2011, alleging that Con-way's termination violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

2

(ADA), the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (PHRA), and the FMLA. Specifically, Ostrowski alleged claims of discrimination, retaliation, and failure to accommodate a disability pursuant to the ADA and the PHRA, and claims of retaliation, interference, and illegal denial of FMLA-protected leave.

The District Court granted summary judgment in favor of Con-way on all claims. Ostrowski appealed.

## II.     Discussion[1]

We exercise plenary review over a district court's grant of summary judgment, and view the facts in the light most favorable to the non-moving party. *Nat'l Amusements Inc. v. Borough of Palmyra*, 716 F.3d 57, 62 (3d Cir. 2013). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A.     ADA and PHRA Claims

We analyze ADA and PHRA disability claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000). This framework requires that a plaintiff first establish a prima facie case of disability discrimination. *See Shaner*, 204 F.3d at 500. To do so, the plaintiff must demonstrate that he has a "disability" within the meaning of the ADA, that he is a "qualified individual," and that he "has suffered an adverse

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 & 1367, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

3

employment action because of that disability." *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *Shaner*, 204 F.3d at 500. If the defendant meets this requirement, the burden then shifts back to the plaintiff to show that the legitimate non-discriminatory reason is a pretext for discrimination. *Id.* Unless the plaintiff can point "to some evidence, direct or circumstantial, from which a factfinder" could find that the articulated legitimate reasons were pretextual, the defendant is entitled to summary judgment. *See Jones v. School Dist of Phila.*, 198 F.3d 403, 413 (3d Cir. 1999).

Although the District Court held that Ostrowski failed to meet his burden to rebut Con-way's articulated, nondiscriminatory reason, Con-way invites us to affirm on the alternative ground that Ostrowski did not produce sufficient evidence to establish that he suffered from a "disability" as that term is defined by the ADA. *See* 42 U.S.C. § 12102(1).

Con-way's argument relies almost exclusively on cases that apply a definition of "disability" that was amended by the ADA Amendments Act of 2008. *See* Pub. L. No. 110-325, § 4, 122 Stat. 3553, 3555–56 (2008) (codified at 42 U.S.C. § 12102). With these amendments, Congress directed courts to interpret the term "disability" broadly "to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102(4)(A). Drawing all reasonable inferences in Ostrowski's favor as we are required to do for purposes of summary judgment, *Guidotti v. Legal Helpers Debt Resolution LLC*, 716

F.3d 764, 772 (3d Cir. 2013), we agree with the District Court that Ostrowski's deposition testimony and record of treatment for alcoholism is sufficient to create a factual dispute precluding summary judgment. We therefore decline to affirm on this basis.

We instead affirm for much the same reason articulated by the District Court: that Ostrowski failed to submit any evidence to show that Con-way used his violation of the RWA as a pretext for disability discrimination. Ostrowski argues that the District Court erred in determining that the RWA could serve as a legitimate, non-discriminatory reason for Con-way to terminate Ostrowski's employment because the RWA was itself violative of the ADA's prohibition of "qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability." *See* 42 U.S.C. § 12112(b)(6). This argument fails for several reasons.

As numerous courts have recognized, employers do not violate the ADA merely by entering into return-to-work agreements that impose employment conditions different from those of other employees. *See, e.g.*, *Longen v. Waterous Co.*, 347 F.3d 685, 689 (8th Cir. 2003) (citing cases). Indeed, several of our sister circuits have explicitly endorsed agreements that bar an employee from consuming alcohol—whether at the workplace or otherwise—in circumstances highly similar to this case. *See id.*; *Mararri v. WCI Steel, Inc.*, 130 F.3d 1180 (6th Cir. 1997). We find the reasoning of these cases convincing. Although Ostrowski was subject to different standards than other Con-way employees who did not sign an RWA, this difference results from the terms of his

5

agreement rather than disability discrimination. *Mararri*, 130 F.3d at 1182; *see also Longen*, 347 F.3d at 689.

In addition, Ostrowski does not explain how the RWA, to which he voluntarily agreed, tends to discriminate against him because of his alleged disability (alcoholism) as opposed to regulating his conduct (drinking alcohol). To the contrary, the RWA does not restrict the ability of individuals who suffer from alcoholism to work at Con-way. Rather, it simply prohibits employees subject to its terms from consuming alcohol.

Because the RWA was not invalid under the ADA, Ostrowski's violation of its terms was a legitimate, non-discriminatory reason for Con-way to terminate Ostrowski's employment. As the District Court noted, Ostrowski has submitted no evidence that the breach of the RWA was a mere pretext for disability discrimination. As a result, the District Court was correct in granting summary judgment on these claims.

### B.    FMLA Claims

Ostrowski's claims under the FMLA fail for much the same reason. Ostrowski alleges that he was terminated in retaliation for his request for medical leave. Even he acknowledges, however, that Con-way terminated his employment because of his breach of the RWA. Ostrowski submits no evidence suggesting that Con-way would not have discharged him had he not requested FMLA-protected leave. *See Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 148 (3d Cir. 2004). The District Court was therefore correct to enter summary judgment for Con-way on Ostrowski's claims that he was illegally denied FMLA leave and that he was terminated in retaliation for his request for leave.

6

Ostrowski also contends that the very imposition of the no-alcohol requirement in the RWA was a violation of the FMLA because it has the effect of chilling and discouraging Ostrowski from exercising his rights under the FMLA. *See* 29 U.S.C. § 601(a). Ostrowski argues that by requiring him to agree to the RWA before returning from his initial leave, Con-way imposed an impermissible condition on his ability to take FMLA-protected leave. We do not agree. The record reflects that Con-way requested the RWA pursuant to its obligations under DOT regulations to maintain strict alcohol policies for covered employees.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's order.